# Cardinal Health, Inc. v. Holder

# Attachment 45
# to
# Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction

IN THE UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF COLUMBIA**

```
CARDINAL HEALTH, INC.            .
              Plaintiff,         .  CV 12-185
                                 .
vs.                              .
                                 .
ERIC H. HOLDER, JR.,             .  Washington, D.C.
MICHELLE M. LEONHART,            .  Friday, February 3, 2012
DRUG ENFORCEMENT                 .
 ADMINISTRATION                  .
              Defendants.        .
. . . . . . . . . . . . . . . . .
```

TRANSCRIPT OF MOTIONS HEARING

BEFORE THE HONORABLE JUDGE REGGIE B. WALTON

UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:   Randolph D. Moss, Esquire
                     Francesco Valentini, Esquire
                     Ari Holtzblatt, Esquire
                     WILMER HALE
                     1875 Pennsylvania Avenue, NW
                     Washington, D.C. 20006


                     Douglas B. Farquhar, Esquire
                     HYMAN, PHELPS & McNAMARA, P.C.
                     700 Thirteenth Street., NW, Suite 1200
                     Washington, D.C. 20005


Court Reporter:   Cathryn J. Jones, RPR
                  Official Court Reporter
                  Room 6521, U.S. District Court
                  333 Constitution Avenue, N.W.

Proceedings recorded by machine shorthand, transcript produced by computer-aided transcription.

1  And if they are not being appropriately disseminated and
2  they go out into the public without the appropriate
3  authorizations by medical personnel obviously that can cause
4  severe harm.
5           MR. MOSS:  Absolutely, Your Honor, we agree
6  entirely with that.  And this is a company that is extremely
7  committed to doing what it can to avoid diversion of
8  controlled substances.
9           THE COURT:  How long has this company been in
10 existence approximately?
11          MR. FARQUHAR:  Thirty or 40 years.
12          THE COURT:  Have there been any other allegations
13 of inappropriate distribution by the plaintiff?
14          MR. MOSS:  There have never been any allegations
15 today or previously of improper diversion by this company
16 itself.  There's no allegation here that the company itself
17 is engaged in any diversion.  The only allegation here is
18 that the company has sold to four stores in Florida that to
19 this day hold DEA registrations, and that those stores in
20 Florida filled prescriptions from doctors who had DEA
21 registrations but where the doctors who were acting
22 unscrupulously in some cases and writing bad prescriptions.
23          And the DEA's entire focus in their --
24          THE COURT:  So they are not alleging anything
25 about your client's distribution activity?  They are

1  although it would take obviously longer for that to occur.
2  It seems to me under the circumstances considering the
3  authority of the DEA to issue this order for the purpose of
4  protecting society against imminent harm that that is
5  adequately dealt with by the representations being made to
6  me by the steps that Cardinal have taken to ensure that
7  these four facilities that have been identified by the DEA
8  are not receiving this substance from the plaintiff.
9        So under the circumstances I would conclude based
10 upon what's been presented that the harm that the DEA has
11 identified has been adequately dealt with for the purpose of
12 me issuing a TRO at this time.  And I do appreciate the harm
13 obviously that the plaintiff would suffer if they were not
14 able to distribute the substance because obviously that
15 could result in the retailers turning to other sources which
16 the plaintiff may not be able to reacquire if in fact this
17 order were to remain in effect pending a further hearing in
18 this matter.
19       And I do also factor in the fact that counsel says
20 the plaintiff does in fact have a significant part of the
21 market in Florida in reference to the distribution of this
22 particular substance.  And that patients who are in need of
23 it would not have access to it pending a further hearing in
24 this matter, so with reluctance because I do respect the
25 authority that DEA has to protect society from the